# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                    CRIMINAL ACTION NO. 2:19-cr-00022

JASON WATTIE BUZZARD

## MEMORANDUM AND OPINION ORDER

Pending before the court is Defendant Jason Buzzard's objection to a four-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(6)(B). In accordance with my ruling at the January 17, 2020 Sentencing Hearing and for the reasons stated herein, the objection is **SUSTAINED**.

### I. Background

On September 23, 2019, Defendant Buzzard plead guilty to being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Buzzard stipulated that on October 12, 2018, he met with Paul Martin in South Charleston, West Virginia to give Mr. Martin two guns in exchange for drugs. Plea Agreement Ex. A [ECF No. 55]. At the time, Mr. Buzzard knew that Mr. Martin was a convicted felon and prohibited from owning or possessing firearms. *Id.*

During the January 17, 2020 Sentencing Hearing, Defendant Buzzard objected to a four-level enhancement under the Guidelines for the possession and transfer of firearms with the belief that they would be used or possessed in connection with

another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). If the enhancement applies, Mr. Buzzard's total offense level under the Guidelines increases from level 12 to 15.[1]

## II. Discussion

The question before the court is whether transferring a firearm to an individual prohibited from possessing a firearm qualifies as "another felony offense" encompassed by the four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B). This is a case of first impression in this circuit.

U.S.S.G. § 2K2.1(b)(6)(B) provides a four-level enhancement if a defendant "…transferred any firearm…with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." The Guidelines' commentary defines "another felony offense" as an offense "other than the…firearms possession…offense…." U.S.S.G. § 2K2.1 cmt. n.14(C).

In interpreting the Sentencing Guidelines, courts apply "ordinary rules of statutory construction." *United States v. Strieper*, 666 F.3d 288, 293–94 (4th Cir. 2012). Courts use the Guidelines' "plain meaning, as determined by examination of its language, structure, and purpose." *Id.* (internal quotations removed).

In this case, Mr. Buzzard's transfer of firearms to a prohibited person does not qualify for the § 2K2.1(b)(6)(B) enhancement. The Guidelines' text plainly states that to trigger the enhancement, the transfer of the firearm must be with the knowledge

---

[1] The offense level of 12 includes the two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The offense level of 15 includes the two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and the additional one-point reduction under U.S.S.G. § 3E1.1(b).

that it will be "used or possessed in connection with *another* felony offense." U.S.S.G. § 2K2.1(b)(6)(B) (emphasis added). Thus, the Guidelines presume possession, and then present the additional requirement that the possession be "in connection" with some other felony offense. This two-fold requirement would seemingly exclude situations where, as here, the possession would be only "in connection" with the possession. Otherwise, the Guidelines would have the absurd conclusion that something can be "in connection" with itself.

The purpose behind the enhancement also supports that "another felony offense" refers to more than an offense by someone who, simply upon transfer of a firearm, commits the offense of being a felon in possession of a firearm. The Fourth Circuit has stated that the § 2K2.1(b)(6)(B) enhancement is intended "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." *United States v. Davis*, 592 F. App'x 143, 144 (4th Cir. 2014). It is illogical that the offense of felon in possession of a firearm becomes more dangerous by the presence of a firearm because the possession is the offense.

The examples given by the Guidelines' commentary of when to apply the enhancement include when firearms helped facilitate the additional offenses of burglary, robbery, and illegal drugs. Indeed, the cases where the enhancement is applied are often when firearms were used in conjunction with drugs, robberies, or other additional felonies. *See United States v. Walker-Bey*, No. 18-4904, 2020 WL 238275, at *3–4 (4th Cir. Jan. 15, 2020) (determining the § 2K2.1(b)(6)(B)

3

enhancement applied where the defendant possessed a handgun in addition to bags of marijuana); *United States v. Barr*, 787 F. App'x 183, 184 (4th Cir. 2019) (affirming application of the § 2K2.1(b)(6)(B) enhancement where the defendant was convicted of being a felon in possession of a firearm and also used the firearm in connection with felony assault on a law enforcement officer); *United States v. Crandell*, 783 F. App'x 289, 291 (4th Cir. 2019) (affirming application of the § 2K2.1(b)(6)(B) enhancement for the other felony offense of robbery); *United States v. Souther*, 764 F. App'x 356–57 (4th Cir. 2019) (affirming application of the § 2K2.1(b)(6)(B) enhancement where "the district court reasonably inferred that [Defendant] possessed the firearm in connection with his possession of the controlled substances"); *United States v. Stallings*, 762 F. App'x 160, 163 (4th Cir.) (affirming application of the § 2K2.1(b)(6)(B) enhancement where "the district court found sufficient evidence to support a finding that the firearm was used in connection with drug trafficking"); *United States v. Perry*, 750 F. App'x 238, 239 (4th Cir. 2019) (affirming application of the § 2K2.1(b)(6)(B) enhancement where Defendant possessed the firearm in close proximity to the oxycodone).

I further note that the Sentencing Guidelines already include a provision to add an enhancement for the trafficking of firearms, which appears more applicable to the type of conduct at issue here. *See* U.S.S.G. § 2K2.1(b)(5).[2] Additionally, for the

---

[2] In this case, the parties agree that Mr. Buzzard's conduct does not trigger the § 2K2.1(b)(5) enhancement.

reasons stated by the court at the January 17, 2020 Sentencing Hearing, I would have imposed the same sentence regardless of whether the § 2K2.1(b)(6)(B) enhancement applied.[3]

III. Conclusion

For the foregoing reasons, Defendant Buzzard's objection to a four-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(6)(B) is **SUSTAINED.** The court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: February 15, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] The Court imposed a term of 18 months imprisonment and 3 years of supervised release at the January 17, 2020 Sentencing Hearing.